UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERIC WALLACE                                                                              PETITIONER

VERSUS                                                      CIVIL ACTION NO. 3:15CV669-CWR-RHW

SUPERINTENDENT UNKNOWN BANKS                                              RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Eric Wallace filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the constitutionality of his conviction and sentence. Doc. [1]. Following a jury trial in the Circuit Court of Warren County, Mississippi Wallace was convicted on one count of drive-by shooting and one count of shooting into a motor vehicle. Doc. [10-1]. On December 14, 2012, he was sentenced to a 20-year prison term for the drive-by shooting and a five-year prison term for shooting into a motor vehicle, with the sentences to run consecutively. *Id.* Wallace filed a direct appeal to the Mississippi Supreme Court. The Mississippi Court of Appeals affirmed the judgment of the circuit court. *See Wallace v. State of Mississippi*, 166 So.3d 520 (Miss.Ct.App. 2014). The Mississippi Supreme Court granted Wallace's petition for *certiorari*, but then dismissed the petition by order dated June 25, 2015. Doc. [10-3]. Respondent represents that Wallace has not filed a motion for post-conviction relief. Doc. [10] at 3.

Wallace filed the instant § 2254 petition on September 15, 2015, and asserts the following claims: (1) the drive-by shooting jury instruction lacked an essential element; (2) ineffective assistance of counsel; (3) weight and sufficiency of the evidence; (4) improper contact with a juror; and (5) illegal amendment to the indictment. Respondent filed a motion to dismiss and argues that Wallace failed to exhaust state remedies with respect to his ineffective assistance

of counsel claim prior to filing the § 2254 petition. Doc. [10]. Accordingly, Respondent argues that Wallace has filed a mixed petition, containing both exhausted and unexhausted claims, and that the petition should be dismissed without prejudice. In his response, Wallace argues that he raised the ineffective assistance claim on direct appeal; therefore, he contends that the claim has been exhausted. Doc. [11].

## Law and Analysis

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In order to exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id.* Exhaustion is accomplished by pursuing claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings. *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004).

In the motion to dismiss, Respondent indicates that Wallace raised four of his five claims on direct appeal. Doc. [10] at 2-3. However, Respondent represents that Wallace has not filed a motion for post-conviction relief with respect to the ineffective assistance of counsel claim. Accordingly, Wallace's § 2254 petition is a mixed petition. In his response to the motion, Wallace does not dispute that he failed to file a motion for post-conviction relief. Instead, he asserts that he also raised the ineffective assistance claim on direct appeal, thereby exhausting the claim.

It is undisputed that Wallace attempted to assert an ineffective assistance of counsel claim on direct appeal. *See Wallace*, 166 So.3d at 525. However, the Mississippi Court of Appeals considered the threshold question of whether the ineffective assistance claim was ripe for review. *Id.* That court determined that the claim was not ripe and should be filed in a post-conviction motion rather than on direct appeal. Accordingly, the Mississippi Court of Appeals denied relief without prejudice. *Id.* The question before the undersigned is whether Wallace has presented the ineffective assistance claim to the state's highest court in a procedurally proper manner. The undersigned finds that he has not.

Under Mississippi law, ineffective assistance of counsel claims are allowed on direct appeal only "if such issues are based on facts fully apparent from the record." *See Read v. State of Mississippi*, 430 So.2d 832, 841 (Miss. 1983). In the instant case, the Mississippi Court of Appeals held that the basis for Wallace's ineffective assistance of counsel claim was not clear from the record. *Wallace*, 166 So.3d at 525. Accordingly, the proper procedure would have been for Wallace to raise the claim in a motion for post-conviction relief. *See Havard v. State of Mississippi*, 94 So.3d 229, 240 (Miss. 2012)(outlining the "proper procedures" for asserting

3

claims of ineffective assistance of counsel). In fact, the Mississippi Court of Appeals indicated as much. *See Wallace*, 166 So.3d at 525. Wallace has failed to file a motion for post-conviction relief in state court; therefore, the ineffective assistance claim remains unexhausted because he has not presented the claim to the state's highest court in a procedurally proper manner.

By virtue of the unexhausted ineffective assistance claim, Wallace has filed a mixed petition. A habeas petition containing both exhausted and unexhausted claims is a mixed petition which should be dismissed without prejudice. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). While Wallace's failure to exhaust the ineffective assistance claim warrants dismissal of his federal habeas corpus petition, the decision by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) provides federal district courts with the discretion to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court. However, the Supreme Court in *Rhines* cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. Such a stay is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Id.*

Wallace argues that if the Court finds he has not exhausted the ineffective assistance claim, it should grant a stay and abeyance pending exhaustion of the claim in state court. Doc. [11] at 6-8. He suggests that the AEDPA's one-year limitation might be implicated if he were required to file a second petition. It appears that Wallace's conviction and sentence did not become final until June 25, 2015, when the Mississippi Supreme Court dismissed his petition for writ of certiorari. *See* Doc. [10-3]. Hence, the AEDPA's one-year limitation period does not appear to have expired. Nevertheless, Wallace fails to identify any good cause for his failure to

first exhaust state remedies.  In fact Wallace's failure is inexcusable given that the Mississippi Court of Appeals specifically instructed that the ineffective assistance claim was not sufficient to review on direct appeal and further indicated that the claim should be presented in a post-conviction claim.  *See Wallace*, 166 So.3d at 525.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [10] Motion to Dismiss be GRANTED and that Eric Wallace's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED, this the 16th day of May, 2016.

                                        /s/ *Robert H. Walker*
                                        ROBERT H. WALKER
                                        UNITED STATES MAGISTRATE JUDGE