IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERIC WALLACE                                                                                          PETITIONER

V.                                                                              CAUSE NO. 3:15-CV-669-CWR-RHW

SUPERINTENDENT BANKS;                                                               RESPONDENTS
ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI

## ORDER

Before the Court are the respondents' motion to dismiss, the Magistrate Judge's Report and Recommendation (R&R) on that motion, and petitioner Eric Wallace's objection to the R&R. The matters are fully briefed and ready for adjudication.

The respondents' motion to dismiss has articulated the problem clearly. *See* Docket No. 10, at 5. Under binding precedent, Wallace cannot proceed in this Court as long as Ground II, ineffective assistance of counsel, remains in his federal habeas petition. That claim was not properly exhausted in state court.

Wallace certainly attempted to raise that claim on direct appeal. He may have been heartened by the fact that Mississippi's appellate courts have occasionally resolved ineffective assistance of counsel claims on direct appeal. *E.g.*, *Wilson v. State*, 194 So. 3d 855, 858 (Miss. 2016); *Taylor v. State*, 167 So. 3d 1143, 1147 (Miss. 2015) (reversing Court of Appeals and finding deficient representation by trial lawyer). But this was not one of those cases. In its opinion, the Mississippi Court of Appeals indicated that Wallace's ineffective assistance claim was not ripe and had to be pursued by filing a petition for post-conviction relief (PCR). *Wallace*

*v. State*, 166 So. 3d 520, 525 (Miss. Ct. App. 2014). He did not. As a result, his ineffective assistance of counsel claim was not *properly* exhausted.[1] This Court cannot consider it.

The respondents' motion has also clearly explained the risks to Wallace if this case is dismissed and he returns to state court to pursue his ineffective assistance claim. Docket No. 10, at 6. His PCR petition would likely be timely, but there is a risk that a subsequent federal habeas petition would be untimely. The one-year statute of limitations for federal petitions may have expired by then. As another Judge in this District wrote in a similar case, petitioner "would have no federal remedy available once he completes his exhaustion in state court, because any future federal habeas petition could be time-barred pursuant to 28 U.S.C. § 2244(d)." *Williams v. Bradley*, No. 1:15-CV-422-LG-FKB, Docket No. 23, at 5 (S.D. Miss. June 20, 2016), *adopted by* 2016 WL 4094887 (S.D. Miss. Aug. 2, 2016).

Because Ground II was not properly exhausted, the Magistrate Judge recommended dismissing Wallace's petition. The R&R also counseled against staying this case to give Wallace an opportunity to exhaust Ground II in state court. To this the undersigned respectfully disagrees.

Wallace attempted to exhaust his ineffective assistance of counsel claim on direct appeal. At that time he explained how his trial attorney had failed to request an alibi instruction despite putting on four witnesses attesting to Wallace's alibi. (The State's appellate attorney conceded that Wallace would have been entitled to an alibi instruction had one been requested.) As in

---

[1] As the court explained in *Williams*,

> "Exhaustion requires that a petitioner first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review procedures." *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In order to "fairly present" his claim, the petitioner must present his claim to the highest state court in a "procedurally proper manner." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015).

*Williams v. Bradley*, No. 1:15-CV-422-LG-FKB, 2016 WL 4094887, at *1 (S.D. Miss. Aug. 2, 2016).

*Williams*, this shows that Wallace "made an attempt" to exhaust and "could have reasonably interpreted the order denying relief" to have sufficiently exhausted his ineffective assistance claim. *Id.* at 6. The fact that the Mississippi Court of Appeals wanted further factual investigation into why exactly Wallace's trial counsel failed to request that instruction, and therefore did not want to take up the argument on direct appeal, may also suggest that Wallace should be permitted to pursue that investigation through the state's PCR process.[2] Accordingly, the Court finds good cause to stay and abey. *See id.*

For these reasons, the motion is denied, the objection is sustained, and this case is stayed so that petitioner Eric Wallace can exhaust his ineffective assistance of counsel ground in state court in compliance with Mississippi's PCR statute, Miss. Code Ann. §§ 99-39-1 *et seq*. *See Walker v. State*, 863 So. 2d 1, 9-10 (Miss. 2003) (describing requirements of Mississippi's post-conviction collateral review scheme). He is ordered to commence that proceeding within 60 days. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) ("district courts should place reasonable time limits on a petitioner's trip to state court and back"). Should he fail to do so, the respondents may move to dismiss this case for failure to comply with this Order. Within 30 days of the final resolution of his post-conviction claims by the Mississippi state courts, Wallace is ordered to file a motion in this Court to dissolve this stay and proceed with this case.

**SO ORDERED**, this the 20th day of September, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] In a footnote, the State recites that it would be an abuse of discretion for this Court to stay and abey for exhaustion of a meritless claim. Having reviewed the underlying appellate decision and the available record, the undersigned cannot presently conclude that an ineffective assistance claim would be meritless. In addition, "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics" that would independently warrant denying a stay. *Rhines*, 544 U.S. at 278.