UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERIC WALLACE                                                                                     PETITIONER

VERSUS                                                        CIVIL ACTION NO. 3:15CV669-CWR-RHW

SUPERINTENDENT UNKNOWN BANKS et al                                           RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Eric Wallace, proceeding *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the constitutionality of his conviction and sentence entered in the Circuit Court of Warren County, Mississippi.  Doc. [1].  A jury convicted Wallace on one count of drive-by shooting, one count of shooting into a motor vehicle, and one count of shooting into a dwelling.  Doc. [10-1].  On December 14, 2012, the trial court sentenced Wallace to a 20-year prison term for the drive-by shooting, a 5-year prison term for shooting into a motor vehicle, and a 10-year prison term for shooting into a dwelling, with the sentences to run consecutively.  *Id.*  Wallace filed a direct appeal from his conviction and sentence.  The Mississippi Court of Appeals affirmed the judgment of the circuit court.  *See Wallace v. State of Mississippi*, 166 So.3d 520 (Miss.Ct.App. 2014).  The Mississippi Supreme Court granted Wallace's petition for writ of certiorari, but then dismissed the petition by order dated June 25, 2015.  Doc. [10-3].

Wallace filed the instant § 2254 petition on September 15, 2015, and asserted the following claims:  (1) the drive-by shooting jury instruction lacked an essential element; (2) ineffective assistance of counsel; (3) weight and sufficiency of the evidence; (4) improper contact with a juror; and (5) illegal amendment to the indictment.  Respondent filed a motion to dismiss arguing that Wallace presented a mixed petition of exhausted and unexhausted claims.  Doc. [10].  Specifically, Respondent argued that Wallace failed to exhaust his claims of

ineffective assistance of counsel. Ultimately, this Court stayed the case and held it in abeyance to permit Wallace the opportunity to present his claim for ineffective assistance of counsel in state court. Doc. [15]. Wallace duly filed a motion for post-conviction collateral relief in state court raising the same five issues presented in his § 2254 petition. Doc. [26-3]. By order dated August 22, 2017, the Mississippi Supreme Court considered Wallace's ineffective assistance of counsel claim and determined it lacked sufficient merit to warrant an evidentiary hearing. Doc. [26-4]. Accordingly, the Mississippi Supreme Court denied his application. *Id.*

By order dated September 27, 2017, this Court lifted the stay of Wallace's § 2254 petition. Doc. [20]. Respondent filed an answer on February 20, 2018, addressing each of Wallace's claims. Doc. [26]. Respondent concedes that all of Wallace's claims have now been exhausted for purposes of federal habeas review. *Id.* at 7. Wallace has not filed a rebuttal or otherwise responded to Respondent's answer.

## Law and Analysis

### Standard of Review

Each of the claims raised in Wallace's § 2254 petition has now been considered and rejected by the Mississippi Court of Appeals and/or the Mississippi Supreme Court. *See Wallace*, 166 So.3d 520; Doc. [26-1] [26-4]. Accordingly, the Court must consider those claims in light of 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(2) applies to a state court's factual determinations, and subsection (d)(1) governs review of questions of law and mixed questions of law and fact. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). As to questions of law, a federal court must defer to the state court's decision on the merits of such claim unless that decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court. A state court decision is contrary to federal law when the state court reaches a conclusion opposite to that of the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005). A state court decision involves an unreasonable application of federal law when the state court properly identifies the applicable federal principle but unreasonably applies the principle to the facts of the petitioner's case. *Id.* As to questions of fact, federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000). Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A federal habeas court presumes that the state court's findings of fact are correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Murphy*, 416 F.3d at 432.

**Ground One:  Jury Instruction**

Wallace argues the jury instruction for drive-by shooting lacked an essential element of the crime.  Specifically, he argues it omitted the following language:  "knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life".  Doc. [1] at 5.  Improper jury instructions in state criminal trials do not generally form the basis for federal habeas relief.  *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).  There is a strong presumption that errors in jury instructions are subject to harmless-error analysis.  *Id.*  There must be prejudice of a constitutional magnitude.  *Id.*  "Before a federal court may overturn a conviction resulting from a state trial" on a challenge to the instructions given to the jury, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment."  *See Cupp v. Naughten*, 414 U.S. 141, 146 (1973).  An erroneous jury instruction will be judged in the context of the trial record and all jury instructions, but constitutes sufficient ground for habeas relief only if "the instruction by itself so infected the entire trial that the resulting conviction violates due process."  *Id.* at 147.

The Mississippi Court of Appeals considered Wallace's claim.  The court evaluated the statutory language for the crime of drive-by shooting and compared it to the jury instruction given by the trial court.  *Wallace*, 166 So.3d at 523-24.  Pursuant to Miss. Code Ann. § 97-3-109(1),

> A person is guilty of drive-by-shooting if he attempts, other than for lawful self defense, to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life by discharging a firearm while in or on a vehicle.

The court explained "[i]t is not clear why Wallace believes reversible error would result from the omission of those words" because "they would broaden the set of facts under which he could be convicted." *Wallace*, 166 So.3d at 523. Examining the statutory language, the court explained that "'knowingly or recklessly' is the intent requirement applicable when someone is actually injured". *Id.* at 524. In the instant case, the State prosecuted Wallace for attempt. Therefore, the Mississippi Court of Appeals concluded that the trial court's instruction was correct when it omitted the portion of the statute that applies only when an actual injury occurs. *Id.* The state court's interpretation or application of a state criminal statute is not cognizable under § 2254. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002); *Beasley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001). Wallace offers no argument to explain how the Mississippi Court of Appeals decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. It is clear from reviewing the statute that the "knowingly and recklessly" portion he cites does not apply to a defendant, such as Wallace, who is charged with an attempted drive-by shooting. Hence, he has failed to identify an improper jury instruction that might serve as the basis of a federal habeas claim.

**Ground Two: Ineffective Assistance of Counsel**

Wallace argues that trial counsel was ineffective because counsel failed to request either a circumstantial evidence instruction or an alibi instruction. Doc. [1] at 7. Federal courts examine ineffective assistance of counsel claims pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy *Strickland*, petitioner must demonstrate not only that counsel was objectively deficient and not functioning as the counsel guaranteed the defendant by the Sixth

5

Amendment, but also that this deficient performance prejudiced the defense. *Id.* In order to show that counsel's performance was deficient, petitioner "must identify the acts and omissions of counsel that are alleged not to have been the result of reasonable judgement." *Id.* at 690. For the second prong, in order to show that his defense was prejudiced, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id*. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.* The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." *Martin v. McCotter*, 796 F.2d 813, 816–17 (5th Cir. 1986). In assessing prejudice, courts "must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695. Furthermore, "a court need not address both prongs [of an ineffective assistance of counsel claim,] ... but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir.1995).

     The Mississippi Supreme Court considered Wallace's ineffective assistance of counsel claim and found it to lack of sufficient merit. Doc. [26-4]. In rejecting his claim, the Mississippi Supreme Court cited to *Strickland*. *Id.* In evaluating Petitioner's complaints about the performance of his counsel under the AEDPA, the issue before the undersigned is whether the Mississippi Supreme Court could reasonably have concluded that trial counsel's performance failed to satisfy either prong of the *Strickland* analysis. *Schaetzle v. Cockrell*, 343 F.3d 440, 443-444 (5th Cir. 2003).

**Circumstantial Evidence Instruction**

Wallace argues that trial counsel was constitutionally ineffective in failing to request a jury instruction on circumstantial evidence. As explained earlier, challenges to jury instructions rarely serve as a basis for federal habeas relief. *See Galvan*, 293 F.3d at 764. Under Mississippi law, a circumstantial evidence instruction would be required "only when the prosecution can produce neither an eyewitness nor a confession/statement by the defendant." *Grayer v. State of Mississippi*, 120 So.3d 964, 968 (Miss. 2013). On direct appeal, the Mississippi Court of Appeals considered the issue of whether Wallace would have been entitled to a circumstantial evidence instruction. *Wallace*, 166 So.3d at 524. Although the Mississippi Court of Appeals ultimately deferred ruling on the ineffective-assistance-of counsel claim, it rejected the State's assertion that Wallace's case involved direct evidence. *Id.* Rather, it explained that Wallace's case presented "textbook examples of circumstantial evidence". *Id.* Thus, it appears by the Mississippi Court of Appeals' own reckoning, that counsel's failure to request a circumstantial evidence jury instruction constituted deficient performance. Nevertheless, the Mississippi Supreme Court ultimately considered and rejected this claim when Wallace filed an application for post-conviction relief.

The undersigned concludes that counsel's failure to request a circumstantial evidence instruction is not an omission of federal constitutional magnitude. *See Sullivan v. Blackburn,* 804 F.2d 885, 887 (5th Cir. 1986) (federal habeas corpus review of state court jury instructions requires "prejudice of constitutional magnitude."). As explained by the United States Supreme Court:

> The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt....
> [T]he better rule is that where the jury is properly instructed on the

7

> standards of reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect. Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

*Holland v. United States*, 348 U.S. 121, 239-40 (1954).  The Fifth Circuit's own pattern jury instructions explain that "[t]he law makes no distinction between the weight to be given either to direct or circumstantial evidence."  *See* Fifth Circuit Pattern Jury Instructions Criminal § 1.07; *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009) (endorsing this circuit's pattern jury instructions as a correct statement of the law).  In a similar fashion, other courts have held that a circumstantial evidence instruction is not required by federal law or by the Constitution.  *See Pea v. Cain*, 2017 WL 1197872, at *11 (M.D.La. Feb. 28, 2017); *Griffin v. New York State Dep't of Corrections*, 2007 WL 1296203, at *2 (S.D.N.Y. May 2, 2007) ("as a matter of federal constitutional law, circumstantial evidence is no different than direct evidence; so long as the jury is satisfied of guilt beyond a reasonable doubt, the type of evidence that convinces jurors is immaterial."); *Martinez v. Reynolds*, 888 F.Supp. 459, 262 (E.D.N.Y 1995) ("[t]here is no federal constitutional right to a circumstantial evidence instruction.").  In sum, Wallace possesses no federal constitutional right to a circumstantial evidence instruction.

Although there is no federal constitutional right to a circumstantial evidence instruction, Mississippi law confers such a right in some situations. *Grayer*, 120 So.3d at 968.  Nevertheless, the Mississippi Supreme Court considered Wallace's claim that counsel was ineffective for failing to request such an instruction and found that his claim lacked merit.  The propriety of a

circumstantial jury instruction is a question of state law and not a subject of federal habeas review. *See Estelle*, 502 U.S. at 71-72. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. *See also Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004) ("In our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law."); *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000) (holding a federal habeas court may not review a state court's interpretation of its own law); *Valles v. Lynaugh*, 835 F.2d 126, 127-28 (5th Cir. 1988) (holding that failure to give a lesser included offense jury instruction did not rise to the level of a federal constitutional issue); *White v. Steele*, 629 Fed. Appx. 690, 694-96 (6th Cir. 2015) (upholding state appellate court's holding that counsel was not ineffective for failing to request circumstantial evidence instruction). Wallace has failed to explain how the Mississippi Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence.

Even if counsel's failure to request a circumstantial evidence instruction were deemed an omission of constitutional magnitude, Wallace has failed to explain how this omission prejudiced him. An attorney's failure to object to an erroneous jury instruction remains subject to the prejudice analysis under *Strickland*. *See Gray v. Lyon*, 6 F.3d 265, 269-70 (5th Cir. 1993). Wallace's petition must affirmatively demonstrate prejudice from the alleged errors of counsel. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). The burden of proof is on the petitioner to demonstrate counsel's ineffectiveness by a preponderance of the evidence. *See Hayes v. Maggio*, 699 F.2d 198, 201-02 (5th Cir. 1983). Wallace fails to allege, let alone prove by a

9

preponderance of the evidence, that there is a reasonable probability the outcome of the trial would have been different if counsel had requested a circumstantial evidence instruction.

This Court will not presume prejudice based on the mere absence of a circumstantial evidence jury instruction. Wallace's counsel was present during the critical stages of prosecution, and counsel subjected the prosecution's case to meaningful adversarial testing. *See Haynes v. Cain*, 298 F.3d 375, 280 (5th Cir. 2002) (explaining situations were prejudice may be presumed). During closing arguments, both the prosecution and defense counsel highlighted the fact that there was no eyewitness testimony linking Wallace to the crime. Doc. [27-5] at 14-15, 18-19. Each side argued the case based on circumstantial evidence. Defense counsel emphasized the existence of reasonable doubt and argued "there is a doubt as to their version of the facts. And that's all it is, because there are no eyewitnesses." *Id.* at 21. Despite these arguments, the jury found Wallace guilty beyond a reasonable doubt, which is all that the federal Constitution requires. *See Holland*, 348 U.S. at 239-40. Based on the foregoing, the undersigned finds Wallace's claim for ineffective assistance to be without merit.

### Alibi Instruction

Wallace also argues counsel was ineffective for failing to request an alibi instruction. On direct appeal, the State admitted that Wallace would have been entitled to such an instruction. *Wallace*, 166 So.3d at 524. However, the Mississippi Supreme Court also considered this claim and found that it lacked merit. Doc. [26-4]. Under Mississippi law, "for a credible alibi to exist, the defendant must be at [a] different place so remote or distant or under such circumstances that he could not have committed [the] offense' for which he is being charged." *Tucker v. State of Mississippi*, 647 So.2d 699, 705 (Miss. 1994).

Wallace has not established that he was entitled to an alibi instruction. Even so, counsel's failure to request an alibi instruction could be viewed as a reasonable trial strategy. Wallace's alibis placed him just a few blocks from the crime scene just minutes before the shooting. In fact, the prosecution emphasized this fact during closing argument and stated "alibi witnesses put him near the scene, not somewhere far away." Doc. [27-5] at 34. Wallace's alibis placed him at a restaurant/club on Levee Street called LD's at some indeterminate time between 1:15 am and 2:00 am. Based on Officer William King's testimony, the shooting occurred on Jackson Street some time shortly before 1:33 am. Doc. [27-3] at 91-92. The testimony did not conclusively establish the driving distance between LD's and the crime scene; however, witnesses generally agreed that the two locations were not far removed from one another. For instance, Wallace testified that Jackson Street is pretty close to LD's. Doc. [27-5] at 7. He also testified that the car wash where he allegedly drove to meet his brother was anywhere from a five- to ten-minute drive from LD's. Doc. [27-4] at 145-46. Wallace admitted that LD's was closer to Jackson Street than to the car wash. Doc. [27-5] at 7. Jeffrey Lewis also admitted that Levee Street and Jackson Street are not that far apart and identified the locations on a map for the jury. Doc. [27-4] at 83-84, 92-93.

The witnesses testifying for Wallace did not conclusively establish that he was at LD's when the shooting occurred. Jeffrey Lewis, who was riding in the truck with Wallace when police officers initiated a traffic stop at about 1:47 am, testified that they left LD's some time between 1:15 am and 1:30 am. Doc. [27-4] at 75, 88. Courtney Lindsey testified that at about 1:15 am or 1:20 am she brought food to Wallace, who was sitting in his truck in the LD's parking lot. Doc. [27-4] at 98. Lindsey said she left LD's about 1:20 am or 1:25 am, but Wallace was still at LD's. *Id.* at 98-99. Wallace testified on his own behalf and said that he left

11

LD's between 1:20 and 1:30 am. At one point on cross-examination when asked if he was at LD's around 1:20 or 1:30 am, he answered "[y]eah, around 1:20." Doc. [27-5] at 7-8. If the jurors credited witness testimony to the extent that they believed Wallace left LD's closer to 1:20 am than 1:30 am, then the jury could reasonably have concluded that Wallace had time to reach the crime scene prior to the shooting. Given the testimony of Wallace and his own witnesses, defense counsel may not have wanted an alibi instruction focusing the jury too closely on the witnesses' testimony with regard to the timeline. Taken as a whole, the alibi witnesses' testimony was ambiguous in establishing Wallace's whereabouts at the time of the shooting. The prosecution's use of the alibi witnesses to bolster the State's own case in closing argument highlights this ambiguity and tends to support counsel's strategic decision not to seek an alibi witness instruction. *See Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004) (a "'conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'")(quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir.2002)).

### **Ground Three:  Weight and Sufficiency of the Evidence**

Wallace argues that the weight and sufficiency of the evidence did not support a conviction. Doc. [1] at 8. He focuses on the location of shell casings at the crime scene and two witnesses who gave him a "strong alibi". *Id.*

To the extent Wallace challenges the "weight" of the evidence, this does not present a constitutional claim for federal habeas review. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985) ("[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence ..."). Unlike a sufficiency of the evidence claim, a weight-of-the-evidence claim requires an assessment of the credibility of the

evidence presented at trial. *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). Disputes regarding the weight of evidence are within the province of the jury, and its assessment cannot be disturbed by this Court as long as some evidence existed for the jury to draw its conclusions. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

Notwithstanding the terminology used by Wallace, the undersigned construes his claim as an attack on the sufficiency of the evidence. In assessing the sufficiency of the evidence to support a state conviction, a federal habeas court must inquire, after viewing the evidence in a light most favorable to the prosecution, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996). This Court is required to accept all credibility choices and conflicting inferences in favor of the jury's verdict. *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005). This requirement encompasses both direct and circumstantial evidence. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990). *See also Jackson*, 443 U.S. at 324-25. Witness credibility determinations are within the province of the jury and it "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). On habeas review, the court defers to the trier of fact in resolving conflicts requiring credibility determinations. *Galvan*, 293 F.3d at 764.

The evidence at trial was sufficient for a jury to conclude that Wallace committed the crimes for which he was convicted. A shooting occurred at 1708 Jackson Street shortly before 1:33 am. The investigating officer discovered bullet holes in one of the doors at the residence and in a van parked in front of the residence. The officer found a .40 caliber bullet inside the residence. The officer also discovered shell casings on the street in front of the residence.

Witnesses placed Wallace at LD's, not too far from the crime scene, between 1:15 am and 1:30 am. An eyewitness described the vehicle involved in the shooting as a dark colored, regular cab pickup truck. Approximately 15 minutes after the shooting, police officers initiated a traffic stop of Wallace. He was driving a tan, regular cab pickup truck, driving on Highway 61 at a speed between 90 and 93 miles per hour. In his possession, Wallace had a .40 caliber Smith & Wesson semiautomatic pistol. An expert witness testified that the shell casings recovered at the crime scene matched Wallace's pistol. The expert witness further testified that shell casings in fact were fired from Wallace's gun. Shortly after the traffic stop, Wallace submitted to a gun shot residue test. An expert witness testified that Wallace's left hand tested positive for gun shot residue. Although Wallace argues that certain evidence supported a finding of not guilty, he is simply arguing the weight of evidence and witness credibility. Based on the evidence presented at trial, a rational trier of fact could have found Wallace guilty of the crimes of conviction.

**Ground Four: Juror Issues**

Wallace asserts that the morning before the last day of trial, someone sent a text message to one of the jurors saying "please don't send my brother to jail." The affected juror did not bring this communication to the Court's attention until after the trial had concluded and the jury had returned its verdict. Doc. [27-5] at 43. The trial court conducted a hearing on the matter with the juror and both parties' attorneys present. *Id.* Wallace argues that the subject communication constitutes improper contact by the juror. Respondent counters that Wallace's claim is procedurally barred.

The Sixth Amendment forbids a jury from being exposed to external influences during its deliberations. *Oliver v. Quarterman*, 541 F.3d 329, 334 (5th Cir. 2008). Supreme Court precedent prohibits jurors from being subjected to "private communication, contact, or

tampering" and considers any such external influences presumptively prejudicial. *Remmer v. United States*, 347 U.S. 227, 229 (1954). Normally, "if prejudice is likely from the jury's consultation of an external influence, the court may place the burden of rebutting that presumption on the state." *Oliver*, 541 F.3d at 341 (citing *Remmer*). "The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant." *Id.* In the habeas context, this Court defers to a state court's factual finding that there was no improper jury contact unless the petitioner "presents 'clear and convincing' evidence to the contrary." *Oliver*, 541 F.3d at 342 (quoting 28 U.S.C. § 2254(e)(1)). Habeas petitioners are not entitled to relief based on an improper third-party contact with the jury "unless the error 'had [a] substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* at 341 (alteration in original) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

The Mississippi Court of Appeals held that Wallace raised the argument regarding alleged improper juror influence for the first time on appeal; therefore, the issue was procedurally barred. *Wallace*, 166 So.3d at 526-27. As explained by the Mississippi Court of Appeals, Wallace's attorney argued that the juror had some nefarious motive or bias against Wallace. *Id.* at 526. On appeal, however, Wallace presented a different theory and argued that the juror was improperly influenced. *Id.*

Even though it found the juror contact issue to be procedurally barred, the Court of Appeals considered the merits of the claim and determined that Wallace failed to cite any authority supporting a finding of error. *Wallace*, 166 So.3d at 526. As explained by the Mississippi Court of Appeals, the trial court immediately brought the alleged communication to the attention of the parties. *Id.* at 527. The sheriff's department investigated the incident. *Id.*

Wallace's attorney believed no communication had occurred. *Id.* The trial judge concluded the claim of juror misconduct was speculation and that the juror had not been influenced. *Id.* The Mississippi Court of Appeals concluded that the trial court's decision was not an abuse of discretion. *Id.* By contrast, in *Remmer*, the FBI conducted an investigation of the juror contact, but neither the judge nor the prosecutor informed the defendant about the incident. Wallace fails to demonstrate how the alleged juror contact rendered his conviction unconstitutional. As explained by the Mississippi Court of Appeals, "[t]he fact that the defendant's friends or family would not like to see him convicted would not be new information to a reasonable juror, nor was there any overt threat." *Wallace*, 166 So.3d at 527. The trial court informed Wallace's attorney of the contact, ordered an investigation, and conducted a hearing on the incident with counsel for both parties present. Wallace's attorney represented to the trial court that there was no evidence to prove that anyone contacted the juror and that the alleged communication did not show up when police checked the juror's cell phone. Doc. [27-5] at 76. The trial court concluded that the alleged jury tampering did not justify granting a new trial. Doc. [27-1] at 86-87. Wallace has not presented clear and convincing evidence to contradict the state court's finding of no improper jury contact.

**Ground Five: Amendment to the Indictment**

Wallace argues that there was an illegal amendment to the indictment. The indictment originally charged Wallace with shooting a firearm into a house located at 1708½ Jackson Street. Doc. [27-1] at 73. The trial court later granted the State's motion to amend the indictment, changing the house number from 1708½ to 1708, but the order to amend the indictment was not entered into the minutes. The relevant jury instruction reflected the correct street address. *See* Doc. [27-1] at 46. Respondent argues that Wallace's claim is procedurally barred.

16

As held by the Mississippi Court of Appeals, Wallace failed to object to the alleged illegal indictment before the trial court; therefore, he waived the issue. *Wallace*, 166 So.3d at 527-28. The Mississippi Court of Appeals cited to the contemporaneous objection rule, Miss. Code Ann. § 99-17-15. *Id.* at 527. Consistent with this conclusion, the Mississippi Supreme Court has held that "a defendant must specifically bring the absence of an order on the minutes of the court allowing the amendment to the attention of the trial court, or the error will be waived and . . . may not be raised for the first time on appeal." *Doby v. State of Mississippi*, 532 So.2d 584, 587 (Miss. 1988).

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). State procedural bars are independent and adequate when the state has strictly or regularly applied them to the vast majority of similar cases. *Id.* Petitioner bears the burden of showing that the state does not strictly or regularly follow the procedural bar. *Williams v. Puckett*, 283 F.3d 272, 280 (5th Cir. 2002). The Fifth Circuit has held that Mississippi's contemporaneous objection rule is an independent and adequate state procedural bar. *See Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999); *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992). Wallace has not proved an "inconsistent and irregular" application of the procedural bar imposed in this case. *Stokes v. Anderson*, 123 F.3d 858, 861 (5th Cir. 1997). Consequently, the undersigned finds that Wallace's claim is procedurally barred.

The rule regarding state procedural bars is subject to certain narrow exceptions. Federal courts will not consider claims on habeas review that were denied by a state court due to an "independent and adequate" state procedural rule unless a petitioner demonstrates cause and

17

actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Absent proof of cause and actual prejudice, federal habeas review is only available if a petitioner proves his innocence of the crime of conviction and thereby shows that a "fundamental miscarriage of justice" occurred. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). The fundamental miscarriage of justice exception to the cause requirement of the procedural default doctrine is limited to cases in which the petitioner can show that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Murray*, 477 U.S. at 496). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). A petitioner must "establish through new and reliable evidence that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010). Wallace does not plead entitlement to one of the exceptions to procedural default. He has presented no argument for cause or prejudice. Nor does he identify any new evidence demonstrating actual innocence.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Eric Wallace's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied and dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically

identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 9th day of July, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE